# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

Nos. 04-2254 & 04-2968

U.S. BANK NATIONAL ASSOCIATION, N.D.,

*Plaintiff,*

v.

MATTIE SULLIVAN-MOORE,

*Defendant-Appellee.*

APPEAL OF:   FISHER & FISHER, P.C.

———————

Appeal from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 02 C 6024—**George W. Lindberg**, *Judge.*

———————

ARGUED JANUARY 11, 2005—DECIDED APRIL 27, 2005

———————

Before POSNER, MANION, and ROVNER, *Circuit Judges.*

ROVNER, *Circuit Judge.*  Fisher and Fisher, Attorneys at
Law, P.C. earns its bread and butter representing mortgage
companies and lending institutions in mortgage foreclosure
cases, creditor bankruptcies, evictions, real estate closings,
housing court, and housing related matters. By its own
description, it is a high volume operation, receiving 10,000
to 12,000 cases each year, 4,000 to 5,000 of which are new
foreclosure matters. The firm does not assign one attorney

to handle a single case, but rather lawyers work on numerous files on a daily basis and several attorneys may work on any particular matter.

This approach to its caseload may have exacerbated the firm's mishandling of a foreclosure action against Mattie Sullivan-Moore, who has since died. Working on behalf of U.S. Bank National Association, N.D., Fisher and Fisher handled the foreclosure of Sullivan-Moore's home, located at 7744 South Carpenter Street, Chicago. The proceedings got off to a bad start, however, because the complaint misidentified Sullivan-Moore's common address as 7742 South Carpenter instead of 7744 South Carpenter. As a result of this error, Sullivan-Moore never received proper notice of the proceedings before a judgment of foreclosure was entered, her property was sold, and she was evicted. Although sympathetic to the initial error, the district court believed Fisher and Fisher had ample opportunity to rectify the problem before Sullivan-Moore was evicted. The district court thus imposed sanctions against Fisher and Fisher, and it appeals, contending that the sanctions were improperly imposed.

The underlying action stems from a $140,000 loan from U.S. Bank, taken out by Sullivan-Moore in 2001, when she was 69 years old. Although the loan was ultimately used to refinance Sullivan-Moore's home at 7744 South Carpenter, the loan application lists the property to be refinanced as 7742 (an adjacent property previously owned by her daughter). This may be why U.S. Bank listed the address as 7742 South Carpenter when it referred the mortgage to Fisher and Fisher for foreclosure the following year after Sullivan-Moore failed to make the mortgage payments. Relying on the referral from U.S. Bank, Fisher and Fisher attorney Cynthia Sutherin filed the foreclosure complaint in the district court in August 2002. The complaint contained the correct legal description of the property, but incorrectly listed the common address as 7742 South Carpenter. How-

ever, the consumer installment note and the mortgage papers attached to the complaint itself correctly identified the address as 7744 South Carpenter.

In spite of these documents reflecting the correct address, Fisher and Fisher continued to rely on the defective address it had listed in the complaint. Not surprisingly, a process server given that address was unable to effect personal service. He reported back to Fisher and Fisher that the tenant at 7742 South Carpenter did not know Sullivan-Moore and paid rent to an individual named Donna Lillybirde. Just over a week later, Fisher and Fisher moved for service by publication. The district court granted the motion and the notice was published in the Daily Law Bulletin, again listing the common address as 7742 South Carpenter. Fisher and Fisher went on to obtain a default order and judgment of foreclosure, and scheduled a special commissioner's sale for April 30, 2003. U.S. Bank purchased the property at the sale.

Shortly after the commissioner's sale Sutherin discovered the address error. On May 16 she received calls from both the tenant at 7742 Carpenter and an attorney for the property's owner, complaining about the eviction notice sent there. These calls prompted Sutherin and another attorney to examine the file, where they learned that the pleadings contained the wrong commonly known address for the property.

Instead of exploring at that point whether Sullivan-Moore had received adequate process, Fisher and Fisher pressed forward, moving on May 21 for an order approving the sale and an order for possession. Its only acknowledgment of the error came by way of a motion to correct scrivener's error filed June 11, a motion Fisher and Fisher now acknowledges was an inappropriate response to the mistake in the complaint. The district court granted both motions, setting the stage for Sullivan-Moore's eviction.

Thus, although she had never received the requisite no-
tice of the proceedings, Sullivan-Moore was evicted on
August 1, 2003. She moved back in the next day, prompting
Fisher and Fisher to move for a renewed order of possession
so that they could enlist the Cook County Sheriff's Depart-
ment to re-evict her.

It was at the hearing on the motion for a renewed order
of possession that the district court learned that Sullivan-
Moore had never been served. Sullivan-Moore appeared at
the hearing with her daughter Delaura Sullivan. Michael
Fisher, an associate who had taken over the case to handle
the eviction, appeared for Fisher and Fisher. Sullivan-Moore
explained that she had not received notice of the foreclosure
before being evicted, and Delaura moved to vacate based on
lack of jurisdiction. Michael Fisher responded that although
he did not have the file for the foreclosure action, Sullivan-
Moore must have been served because she was evicted, and
anyway the case had been "over for almost four months." In
an attempt to sort out whether Sullivan-Moore had been
served, the district court's clerk retrieved the court's
electronic docket. Meanwhile, Michael Fisher located
Sutherin, who had handled the foreclosure and happened to
be in court on another matter. Using the docket sheet the
district court then recounted the attempts at service to the
wrong address (7742). The court concluded that Sullivan-
Moore had never been properly served, a deficiency that
could not have been cured with the correction of the "scriv-
ener's error." Faced with this information, Sutherin moved
to vacate the order approving the sale, void the sale, and
vacate the judgment.

Approximately one month later the district court sua
sponte issued an order requiring U.S. Bank and Fisher and
Fisher to show cause why they should not be sanctioned
under Federal Rule of Civil Procedure 11 and 28 U.S.C.
§ 1927. The court identified multiple potential Rule 11 vio-
lations, including failing to reasonably review the complaint

before filing it, which would have revealed Sullivan-Moore's correct address, *see* Fed. R. Civ. P. 11(b)(3), failing to serve Sullivan-Moore with the motion to correct scrivener's error, *see* Fed. R. Civ. P. 11(b)(1), and advocating—via the motion for a renewed order of possession—the validity of papers presented to the court after discovering that the papers contained errors, *see* Fed. R. Civ. P. 11(b)(1).

The district court later discharged U.S. Bank from the rule to show cause, concluding that any sanctionable behavior was attributable to Fisher and Fisher. While the show cause order was pending, Sullivan-Moore died, and the district court appointed her daughter Delaura as a special representative, *see* 735 ILCS 5/2-1008(b), and substituted her as the defendant. Finally, in response to Fisher and Fisher's stipulation that any sanction would run against the firm as a whole, the district court released the individual attorneys involved from liability.

After receiving affidavits from Sutherin, Michael Fisher, and several other Fisher and Fisher attorneys, the district court issued an order sanctioning the firm. The court concluded that the initial mistake as to Sullivan-Moore's address "was an honest one" for which Fisher and Fisher should not be faulted. It believed, however, that the firm's actions after it learned of the mistake were sanctionable in several respects. First, once it learned of the error, Fisher and Fisher should have known that since the attempt at personal service had been made at the wrong address, the service by publication was deficient and thus the sale, judgment, and other court orders needed to be vacated. The court also pointed out that the motion to correct scrivener's error could not possibly cure the failure of process, and that by filing such a motion instead of moving to vacate the previous orders Fisher and Fisher caused the wrongful eviction. The court also chastised the firm for seeking to evict Sullivan-Moore yet a second time after at least two attorneys who had worked on the case knew (or should have

known) that Sullivan-Moore had never been served. Finally, the court rebuked Michael Fisher for what it viewed as his attempt to prevent Delaura from assisting her "elderly mother" to communicate with the court at the hearing on the motion for a renewed order of possession.

By way of sanctions, the court ordered all Fisher and Fisher attorneys admitted in the Northern District of Illinois and any attorneys joining the firm within two years to attend or view a sixteen-hour course in federal subject matter jurisdiction and civil procedure. The court also ordered Fisher and Fisher to reimburse the estate's attorney $302.47 in expenses. Fisher and Fisher filed a motion for reconsideration, but the district court denied it.

On appeal Fisher and Fisher contends that the district court erred by entering sanctions against it. It also claims that there is no support in the record for certain factual findings made by the district court, and attacks the requirement that current and future Fisher and Fisher attorneys view or attend a sixteen-hour civil procedure course as unreasonable and excessive.

We review the district court's decision to award sanctions under both Rule 11 and § 1927 for an abuse of discretion. *See Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 405 (1990); *Corley v. Rosewood Care Ctr., Inc.*, 388 F.3d 990, 1013-14 (7th Cir. 2004). As relevant here, Rule 11 provides that by presenting documents to the court, an attorney certifies to the best of his or her knowledge that (1) they are not being presented for any improper purpose, (2) the claims and contentions are warranted by existing law, and (3) the allegations and factual contentions have evidentiary support. Here the district court found that Fisher and Fisher violated Rule 11 by moving forward with Sullivan-Moore's eviction even after learning about the incorrect address in its pleadings. The district court was within its discretion to conclude that Fisher and Fisher's course of ac-

tion after learning of the defective address violated Rule 11. As the court pointed out, the discovery of the mistaken address should have prompted "a reasonably competent second year law student . . . to move to vacate the sale and judgment, and then to start over with proper service of process." Instead, Fisher and Fisher moved to correct a scrivener's error, representing to the court, in violation of Rule 11(b)(2) and (3), that correcting the error would not "in any way, prejudice any of the parties."

In its defense Fisher and Fisher makes much of the fact that because Michael Fisher was handling the eviction as a separate matter from the foreclosure, he did not know about the address error when he moved for a renewed order of possession. But the district court considered this argument and rejected it, noting that "[t]he failure of the law firm to have in place a mechanism whereby important information about the foreclosure proceedings was in the possession of the attorney handling the eviction is not mitigating, but rather an aspect of the improper conduct in this case." We agree with the district court that Fisher and Fisher's plea of ignorance is unavailing. Rule 11 establishes an objective test, and as we have repeatedly observed, an "empty head but a pure heart is no defense." *Chambers v. Am. Trans Air, Inc.*, 17 F.3d 998, 1006 (7th Cir. 1994) (citation and internal quotations omitted). Rule 11 "requires counsel to read and consider before litigating." *Thornton v. Wahl*, 787 F.2d 1151, 1154 (7th Cir. 1986). Neither the firm's caseload nor its practice of shuffling cases from one attorney to another within the firm excuses the type of negligent action that caused Sullivan-Moore to be evicted.

Likewise, we see no abuse of discretion in the district court's assessment that Fisher and Fisher's reckless approach warranted an award of expenses under 28 U.S.C. § 1927. That section permits a district court to award expenses incurred on account of attorney behavior that "multiplies the proceedings . . . unreasonably and vexatiously."

Fisher and Fisher acknowledges that its mistake regarding the address came to the attention of at least two of its attorneys on May 16, over two months before Sullivan-Moore was evicted. In the interim, Fisher and Fisher sought and received an order approving the sale and filed the motion to correct scrivener's error. And although Fisher and Fisher had Sullivan-Moore's correct address by then, it failed to serve her with a copy of the motion, thus obviating any opportunity for her to bring the situation to the court's attention before she was evicted two months later. The district court was within its discretion to conclude that this behavior unreasonably and vexatiously multiplied the proceedings. *See Finance Inv. Co. (Bermuda) v. Geberit AG*, 165 F.3d 526, 533 (7th Cir. 1998); *Fox Valley Constr. Workers Fringe Benefit Funds v. Pride of Fox Masonry & Expert Restorations*, 140 F.3d 661, 666-67 (7th Cir. 1998).

Fisher and Fisher also attacks certain factual findings underpinning the court's decision to award sanctions. Fisher and Fisher points to three supposed "findings" by the district court: that its failure to respond properly to the mistaken address was part of a "cover-up," that its conduct was "indicative of a larger pattern of violations of the rules of civil procedure," and that its conduct accelerated Sullivan-Moore's death. Although a sanctions award that rests on a clearly erroneous assessment of the evidence would be an abuse of discretion, *Cooter*, 496 U.S. at 405, there is no clear error here.

As to the court's finding of a "cover-up," neither its order imposing sanctions nor the order denying Fisher and Fisher's Rule 59(e) motion mentions a "cover-up." It is true that the district court construed Michael Fisher's conduct at the hearing on the renewed order of possession as an attempt to prevent Sullivan-Moore from explaining that she had never been served. At the start of the hearing Delaura attempted to assist Sullivan-Moore, and Michael Fisher objected on the ground that she was not an attorney and thus

could not represent Sullivan-Moore. Fisher and Fisher now argues that there was nothing improper about the objection. Although the objection could be understood as one made for a legitimate reason, we cannot say that the district court clearly erred in concluding otherwise. The district court was in the best position to assess Michael Fisher's intentions, and nothing Fisher and Fisher presents on appeal calls the court's judgment into question. *See Maynard v. Nygren*, 372 F.3d 890, 892 (7th Cir. 2004).

The same can be said for the remaining factual findings Fisher and Fisher challenges. Although Fisher and Fisher disputes the district court's observation that the firm's conduct was indicative of a "larger pattern of violations of the rules of federal civil procedure by the attorneys of Fisher and Fisher," as "unsupported," it offers nothing to undercut the observation. Given the numbers Fisher and Fisher itself advanced regarding its caseload, this case was not its first before Judge Lindberg, and he was entitled to make an assessment based on his firsthand observations in those proceedings. *See Vollmer v. Publishers Clearing House*, 248 F.3d 698, 710 (7th Cir. 2001) (district court entitled to consider party's past conduct in imposing and fashioning sanctions). Finally, the district court was entitled to entertain the possibility that the stress of the eviction may have exacerbated any health problems Sullivan-Moore, an elderly woman, may have faced. Fisher and Fisher simply provides no convincing alternatives to the factual findings it challenges on appeal. We are thus hard-pressed to conclude that the findings are clearly erroneous.

That leaves the firm's contention that the sanctions themselves are unreasonable. The district court has wide latitude to determine what sanctions should be imposed for a Rule 11 violation, and may impose non-monetary sanctions when appropriate to deter repetition of the offending conduct. *See Jimenez v. Madison Area Technical Coll.*, 321 F.3d 652, 657 (7th Cir. 2003). Although Fisher and Fisher

now protests the requirement that all its attorneys view or attend a civil procedure course, it waived any objection to such a requirement in the district court. First, it stipulated that any sanctions would run against the firm and not individual attorneys. Then in its Rule 59(e) motion Fisher and Fisher attacked the requirement as casting too broad a net by requiring all Fisher and Fisher attorneys to participate in the civil procedure course. In response, the district court asked the firm to provide a list of attorneys responsible for the violations so that the sanctions could be more narrowly tailored. Instead of complying, Fisher and Fisher withdrew its request for the court to reconsider the scope of the sanction and explicitly agreed to both the length of the course and the requirement that all current and future Fisher and Fisher employees attend. Thus, it has waived the argument. *See Blickenstaff v. R.R. Donnelly & Sons Co. Short Term Disability Plan*, 378 F.3d 669, 681 (7th Cir. 2004); *Bishop v. Gainer*, 272 F.3d 1009, 1015 (7th Cir. 2001). And even if the issue had been preserved, we see nothing excessive or overly burdensome in the court's order that Fisher and Fisher attorneys attend a sixteen-hour course in civil procedure.

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*