In the

# United States Court of Appeals
### For the Seventh Circuit

Nos. 05-2021 & 05-2115

THE JOLLY GROUP, LTD.,

*Plaintiff,*

and

MICHAEL J. ROVELL,

*Respondent-Appellant,*
*Cross-Appellee,*

*v.*

MEDLINE INDUSTRIES, INC.,

*Defendant-Appellee,*
*Cross-Appellant.*

Appeals from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 03 C 9390—**Suzanne B. Conlon**, *Judge.*

ARGUED OCTOBER 26, 2005—DECIDED JANUARY 24, 2006

Before FLAUM, *Chief Judge*, and EVANS and WILLIAMS,
*Circuit Judges*.

EVANS, *Circuit Judge.* In this appeal, attorney Michael J.
Rovell challenges a rather modest ($450 plus 4 hours of
attorneys fees) sanction order issued against him stemming
from his representation of The Jolly Group, Ltd. in a breach
of contract action against Medline Industries, Inc. For

reasons we will explain, we find that the district court did not abuse its discretion in imposing the sanctions, but we also deny Medline's cross-appeal asking us to significantly enlarge the scope of the penalty: Medline seeks a more robust sanction order—in excess of $30,000 (as of May 2004) with the meter still running.

Jolly sued Medline in 2003. Medline moved to dismiss the complaint as failing to allege the existence of a valid written contract and because the statute of frauds barred enforcement of a purported oral contract. Instead of responding to the motion, Jolly filed an amended complaint. Medline's counsel sent Rovell a letter pointing out factual inconsistencies between the two complaints and threatening a Rule 11 motion. Medline then moved to dismiss the amended complaint, and Jolly filed its response.

The district court (Judge Suzanne B. Conlon) dismissed the amended complaint with prejudice on April 30, 2004. Two weeks later, Medline moved for sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927, which authorizes sanctions against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." Instead of responding to the sanctions motion, Jolly moved the next day, May 14, 2004, for reconsideration of the dismissal and for leave to file a second amended complaint.

On June 4, 2004, the district judge denied everything except the § 1927 sanctions, finding that Rovell had in bad faith asserted four different purported contracts as well as contradictory versions of events. Rovell moved to vacate the order, saying he had not been given an opportunity to respond to Medline's motion before sanctions were ordered. Medline, meanwhile, continued to press for even larger sanctions. Judge Conlon held a hearing and agreed that Rovell should have been given an opportunity to respond to Medline's sanctions motion. She vacated the

sanctions portion of her June 4 order and referred the matter to Magistrate Judge Geraldine Soat Brown for further proceedings.

After briefing and oral argument, Magistrate Judge Brown recommended that the Rule 11 sanctions motion be denied but that § 1927 sanctions were justified. In her careful § 1927 analysis, the magistrate judge divided Rovell's conduct into two time periods: before and after the district judge's decision to dismiss the suit. Noting that "[T]he line between strong advocacy and vexatious conduct is not always bright," the judge declined to find improper motives behind Jolly's original complaint and amended complaint. On the other hand, she found Rovell's May 14, 2004, motions, after the case had been dismissed with prejudice, "clearly vexatious and unreasonable." She rejected Rovell's argument that he had sought reconsideration in order to perfect the appellate record and went on to criticize what she considered his "sloppiness" in assembling pleadings, "disingenuous explanations," and "negligent[,] . . . reckless, and indifferent conduct" that demonstrated bad faith and justified sanctions under § 1927. She recommended that Medline be awarded excess costs based on 4 hours of attorney time and that Rovell be assessed $450 payable to the court for wasting its time and resources. District Judge Conlon adopted the recommendations. Rovell now appeals.

We review a district court's imposition of attorney sanctions for an abuse of discretion. *U.S. Bank Nat'l Ass'n, N.D. v. Sullivan-Moore*, 406 F.3d 465, 469 (7th Cir. 2005). We have explained that a court has discretion to impose § 1927 sanctions when an attorney has acted in an "objectively unreasonable manner" by engaging in "serious and studied disregard for the orderly process of justice," *Pacific Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 119 (7th Cir. 1994); pursued a claim that is "without a plausible legal or factual basis and lacking in justification," *id.*; or

"pursue[d] a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound," *Kapco Mfg. Co. v. C & O Enters., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989). We have also interpreted § 1927 "to impose a continuing duty upon attorneys to dismiss claims that are no longer viable." *Dahnke v. Teamsters Local 695*, 906 F.2d 1192, 1201 n.6 (7th Cir. 1990).

Rovell protests that he should not have been punished for filing the May 14, 2004, motions because Medline's sanctions motion had preceded those filings and had sought sanctions on a different basis. Of course, a district court acting under § 1927 is not bound by the parties' motions and may, in its sound discretion, impose sanctions *sua sponte* as long as it provides the attorney with notice regarding the sanctionable conduct and an opportunity to be heard. *Johnson v. Cherry*, 422 F.3d 540, 551-52 (7th Cir. 2005). This means that the court could properly take into account all of Rovell's conduct in this case and calibrate sanctions accordingly. As Judge Conlon noted, the potentially sanctionable nature of Rovell's filings was raised during oral argument on his motion to vacate and, of course, during proceedings before the magistrate judge. Thus, we must reject Rovell's argument that the § 1927 sanctions are procedurally improper.

Rovell also contends that sanctions are substantively improper because his May 14, 2004, motions were supported by a proper motive and sufficient legal basis. He claims that a second amended complaint was necessary to change a key date in one of Jolly's allegations. Rovell was, in essence, attempting to perfect the record because he "did not want to appeal the dismissal of a complaint that had an allegation he now believed was untrue." But the date in question had been a central issue in the litigation up to that point, and so the district court interpreted this move as simply an effort by Rovell to abandon an unsuccessful legal theory and substitute a new one. Rovell counters that his

contemplated correction was necessary to properly address an "argument" that was "raised *sua sponte* by the trial court" in its April 30, 2004, ruling. "Medline had never made [this] argument in either of its two motions to dismiss . . . ," he says, "and, accordingly, Jolly had never had a chance to respond to it."

The district court correctly observed that "[m]otions for reconsideration do not provide a vehicle for a party to introduce new evidence or legal theories that could have been presented earlier." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). Even if he believed his intentions were sound, we think Rovell went wrong in characterizing a conclusion reached by the district court, after full briefing and argument by both parties, as an "argument" whose basis his client had to challenge in order to protect an appeal. The court drew its conclusions based on filings Jolly knowingly submitted and argued. At that point, Rovell was, for better or worse, stuck with the record he had made. After his case was dismissed with prejudice, prudence should have counseled that by filing additional motions aimed at changing facts and responding to the court's conclusions, he was pursuing a path that was unsound.

We see no need to address two additional sins Magistrate Judge Brown found in the way Rovell assembled some of his pleadings. Neither error appears to have multiplied the proceedings, and one of them, a collating mistake, seems attributable to Rovell's bad eyesight, an unfortunate consequence of his diabetes.

Finally, we find no merit in Medline's argument that the district court's sanctions didn't go far enough. Medline continues to demand recovery of its litigation costs for the claims Rovell pursued prior to dismissal of the suit. We cannot agree with Medline that the district court abused its discretion in allowing Jolly to file a first amended com-

plaint; whether that pleading had the effect of vexatiously multiplying the litigation was a matter for the district court to determine in its sound discretion. Based on our review of the record, we think the court drew a sensible and proper distinction between Rovell's advocacy before dismissal, doomed as it might have been, and his decision after dismissal to continue inflicting motions on his adversary and the court.

The judgment of the district court is AFFIRMED.

A true Copy:

> Teste:

> > _____
> > *Clerk of the United States Court of*
> > *Appeals for the Seventh Circuit*