

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2009

# Lai v. Wei

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3842

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Lai v. Wei" (2009). *2009 Decisions.* Paper 1330.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1330

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3842
_____

KATHARINE LAI,
                                    Appellant

v.

HUILIN WEI; SHUANG HE; PHILIP KAUFMAN; SUSAN O'CONNOR;
HOAGLAND, LONGO, MORAN, DUNST & DOUKAS LLP
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 07-0179)
District Judge:  Honorable Dickinson R. Debevoise
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 19, 2009
Before: FISHER, JORDAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed  May 22, 2009)
_____

OPINION
_____

PER CURIAM

Katharine Lai appeals from orders of the United States District Court for the

District of New Jersey imposing sanctions on her in the amount of $13,680, a penalty of

$5,000 payable to the Court and an injunction barring her from any further filings in the District of New Jersey absent permission of the District Court.

Lai filed an action in the District Court against her tenant Hui Lin Wei, Wei's daughter, Shuang He, Philip R. Kaufman, an attorney representing Wei and He, attorney Susan O'Connor and the law firm of Hoagland Longo Moran Duns & Doukas LLP, asserting various federal civil rights claims arising out of a landlord-tenant dispute and related state court proceedings. Defendants moved to dismiss the complaint, and defendants Wei and He filed a separate motion for sanctions under Fed. R. Civ. P. Rule 11. Thereafter, the District Court dismiss the complaint, and Lai filed a motion for reconsideration. The District Court granted defendants' motion for sanctions, denied Lai's motion for reconsideration, enjoined Lai from any further filings in the District without permission from the Court and imposed a penalty of $5,000 payable to the Court. Wei and He subsequently filed a bill of costs totaling $13,680, and the District Court awarded sanctions in that amount. Lai timely appealed.

We have jurisdiction under 28 U.S.C. § 1291.[1]  We review an order imposing sanctions for an abuse of discretion.  Simmerman v. Corino, 27 F.3d 58, 61 (3d Cir. 1994).  "[W]e evaluate the court's factual determinations, legal conclusions, and choice of an 'appropriate sanction' with substantial deference, considering . . . only whether those determinations are contrary to reason or without a reasonable basis in law and fact."  Id. at 62 (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990)).

On appeal, Lai does not raise any substantive argument challenging the award of sanctions or the amount awarded.  She merely requests that we "reverse [the District Court's] wrongful order, about the wrongful fines to court and attorney fees to Mr.

---

[1]Our jurisdiction encompasses not only the September 6, 2007 judgment fixing the amount of sanctions, but the June 29, 2007 order to the extent that it awarded sanctions. See Lazorko v. Pa. Hosp., 237 F.3d 242, 248 (3d Cir. 2000)(sanctions award not appealable until District Court quantifies amount of the sanction).

It also appears that we have jurisdiction to consider the District Court's June 29, 2007 order to the extent that it denied Lai's motion for reconsideration of the order dismissing her complaint.  In her informal brief, Lai asserts that her motion for an extension of time to appeal from the District Court's June 29, 2007 order denying her motion for reconsideration was misfiled on the docket of a different civil action in the District Court.  The record bears that out.  Lai thus did timely evince her intent to appeal, and accordingly, this Court has jurisdiction to review the District Court's order in its entirety.  The complaint essentially alleges that Wei and He falsified their lease agreement with Lai, and that their attorneys committed various wrongful acts in prior tenancy proceedings.  These allegations do not state a claim under any federal civil rights statute. Because Lai's complaint is utterly devoid of merit, we will affirm the District Court's order to the extent that it denied Lai's motion for reconsideration of the District Court's previous order dismissing her complaint.

3

Kaufman." (Appellant's Informal Br., 7.) She also seeks review of the District Court's filing injunction and permission to file an amended civil rights complaint.

The District Court discussed Lai's litigation history at some length, and it is evident that Lai's gross misuse of the judicial process warranted the imposition of sanctions under Rule 11. The imposition of sanctions, therefore, was not "contrary to reason or without a reasonable basis in law and fact." Simmerman, 27 F.3d at 62. Because Lai has not challenged the specific amount of sanctions awarded by the District Court in any of her submissions to the District Court or this Court, and she has not alleged that she is unable to pay, we will not review the dollar amount that was awarded.

We also reject Lai's challenge to the filing injunction. The District Court properly ordered the Clerk not to accept any future filings from Lai without permission from the Court. See U.S. Bank Nat'l Ass'n v. Sullivan-Moore, 406 F.3d 465, 471 (7th Cir. 2005) (District Court has "wide latitude to determine what sanctions should be imposed for a Rule 11 violation, and may impose non-monetary sanctions when appropriate . . . ."). A filing injunction against a vexatious litigant "should not be imposed by a court without prior notice and some occasion to respond." Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d Cir. 1987). In this case, the District Court reviewed previous filing injunctions issued against Lai by various courts, and Lai's failure to comply with those restrictions. Defendants' motions for sanctions expressly requested a filing injunction. Accordingly, Lai had notice that the District Court would consider imposing a filing injunction, and she

4

had an opportunity to respond to defendants' motions. The notice requirements of Gagliardi were satisfied.

The scope of the injunction was also proper given the particular facts of this case. District courts generally should fashion a narrowly drawn injunction that does not limit excessively a litigant's access to the courts. Cf. Chipps v. U.S. Dist. Ct. for the M.D. of Pa., 882 F.2d 72, 73 (3d Cir. 1989) (holding that scope of injunction should be limited to a complaint or any paper in any way concerning the subject matter of the underlying suit, although District Court "has authority to require court permission for all subsequent filings once a pattern of vexatious litigation transcends a particular dispute[.]"). The failure of previous, more narrowly drawn injunctions to deter Lai's vexatious filings suggests that the broader injunction imposed by the District Court was justified and not an abuse of discretion.

Lai also challenges the $5,000 fine. Prior to imposing a monetary penalty sua sponte, a District Court should give the litigant notice of the possible sanction. Although Lai had notice of the possibility of a filing injunction and an award of attorneys fees (relief expressly sought by defendants), the Court sua sponte imposed without specific notice a monetary penalty payable to the Court. See Eash v. Riggins Trucking Inc., 757 F.2d 557, 570 (3d Cir. 1985) ("[W]e believe that as a general practice a monetary detriment should not be imposed by a court without notice and some occasion to respond."). Given that Rule 11 sanctions "must be limited to what suffices to deter

5

repetition of the conduct," we believe that the sua sponte imposition of a monetary penalty, without prior notice, combined with a broad filing injunction and attorneys' fees, was improper in this case. Fed. R. Civ. P. 11(c)(4).

For these reasons, we will vacate the imposition of a $5,000 penalty, but affirm the District Court's orders in all other respects.