NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 15, 2009[*]
Decided November 24, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 09-2010

| | |
|---|---|
| HK SYSTEMS, INC., | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 02-C-1103 |
| | |
| EATON CORPORATION, | Lynn Adelman, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

HK brought a diversity suit for breach of contract against Eaton. After a trial, the district court set aside the jury verdict in favor of HK and granted summary judgment in favor of Eaton on all claims. HK appealed, and, while the appeal was pending, Eaton moved in the district court for sanctions against HK's counsel for misconduct in litigation. *See* 28 U.S.C. § 1927. The district court deferred ruling on this motion until this court had resolved HK's appeal. After we affirmed the district court's judgment, *HK Sys., Inc. v. Eaton Corp.*, 553 F.3d 1086 (7th Cir. 2009), the district court denied Eaton's motion for § 1927

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. *See* FED. R. APP. P. 34(a); CIR. R. 34(f).

sanctions, holding that HK's counsel did not act with subjective or objective bad faith. We now affirm the district court's denial of the motion for sanctions.

A district court has discretion to impose § 1927 sanctions when an attorney has acted in an "objectively unreasonable manner" by engaging in "serious and studied disregard for the orderly process of justice." *Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (quoting *Pacific Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 119 (7th Cir. 1994)). But § 1927 is permissive, not mandatory, and the court is not obliged to grant sanctions even if where conduct is unreasonable and vexatious. *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1014 (7th Cir. 2004). Eaton contends that the district court abused its discretion by refusing to sanction HK for submitting unfounded allegations and abusing discovery, and by failing to adequately explain its reasoning for declining to impose sanctions. But the district court's reasons for declining to impose sanctions were thoroughly discussed in its order, and under the deferential standard of review for § 1927 sanctions, its discretionary decision to decline sanctions, based on its adequately supported finding of no bad faith, was not an abuse.

AFFIRMED.