NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 20, 2010
Decided April 13, 2010

*Before*

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 09-1636

| | |
|---|---|
| CHITUNDA TILLMAN, | Appeal from the United States |
| *Plaintiff* | District Court for the Northern |
| v. | District of Illinois, Eastern Division. |
| NEWLINE CINEMA, et al., | No. 1:05-cv-00910 |
| *Defendants-Appellees.* | |
| | Matthew F. Kennelly, |
| APPEAL OF:   BRIAN T. NIX | Judge. |

No. 09-1778

| | |
|---|---|
| | Appeal from the United States |
| CHITUNDA TILLMAN, | District Court for the Northern |
| *Plaintiff-Appellant,* | District of Illinois, Eastern Division. |
| v. | No. 1:05-cv-00910 |
| NEWLINE CINEMA, and its | Matthew F. Kennelly, |
| officers, et al. | Judge. |
| *Defendants-Appellees.* | |

**ORDER**

In these consolidated appeals, Chitunda Tillman and his former attorney, Brian Nix, challenge the district court's order requiring them to pay a combined total of $80,000 in attorney's fees and sanctions in connection with Tillman's copyright suit against New Line Cinema, Time Warner, and several other defendants. The details of that suit are described in our order affirming the district court's grant of summary judgment for the defendants. *See Tillman v. New Line Cinema Corp.*, 295 Fed. App'x 840 (7th Cir. 2008). In a nutshell, Tillman believes that the defendants produced the feature film *John Q.* from a script that he says was stolen from his screenplay, *Kharisma Heart of Gold*. In the face of evidence showing that *John Q.* was written five years before *Kharisma Heart of Gold*, Tillman filed a pro se[1] complaint alleging copyright infringement. Two months later, Nix appeared on his behalf and filed a 63-page amended complaint asserting nine claims against more than 20 defendants and seeking a total of $420 million in damages. Several of those claims obviously were doomed to fail (the complaint included, for example, civil rights claims arising under 42 U.S.C. § 1983, though none of the defendants were state actors). Nix pursued the case for two years despite warnings from the defendants that they intended to seek sanctions if he persisted in pushing ahead with what they characterized as frivolous claims. True to their warnings, after the district court granted the defendants summary judgment on the copyright claims (the other claims had been kicked out at the dismissal stage), they sought attorney's fees and sanctions under 17 U.S.C. § 505, 42 U.S.C. § 1988, and 28 U.S.C. § 1927.

In a comprehensive 20-page decision, the district court agreed that the defendants were entitled to recoup some of their fees and costs and that Nix's conduct in pushing on with the litigation was sanctionable. It concluded that as the prevailing party the defendants are entitled to fees under the copyright statute and that fees are especially appropriate because Tillman showed an "unwillingness to come to grips with the evidence that undermined his claims." The court also awarded attorney's fees under 42 U.S.C. § 1988 because Tillman's civil rights claims were legally frivolous. As for Nix, the court determined that he unreasonably and vexatiously multiplied the proceedings by: filing a lengthy complaint with multiple claims that "did not have a prayer of success"; filing a frivolous interlocutory appeal after the court denied his request to file a second amended complaint; and conducting a "patently inadequate investigation" to support the conspiracy theory underlying the copyright claims. Accordingly, the court concluded that Nix should be sanctioned $60,000 under 28 U.S.C. § 1927 and that Tillman would be jointly and severally liable for that amount. In addition, it ordered Tillman to pay the defendants $20,000 under §§ 505 and 1988.

---

[1] Before he filed his complaint, Tillman was represented by a lawyer. That lawyer withdrew from the matter after he received certain evidence from the defense that persuaded him that Tillman's claim had no merit.

We review the district court's sanctions order only for abuse of discretion. *Jolly Group, Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006); *Susan Wakeen Doll Co. v. Ashton-Drake Galleries*, 272 F.3d 441, 457 (7th Cir. 2001). In his pro se brief, Tillman rehashes the arguments he pressed at the summary judgment stage. Specifically, he argues that he is entitled to a trial because, he says, the defendants conspired with *John Q.*'s author and two trade magazines to fabricate the evidence showing that the *John Q.* script predated his own. But we rejected those arguments when we affirmed the summary judgment order, and this appeal does not allow us to revisit the propriety of summary judgment. Even giving Tillman's pro se brief the liberal construction it is due, we cannot discern any argument that the district court abused its discretion in finding him liable for attorney's fees under any of the cited statutes, and it is not our role to develop those arguments for him. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

In his separate briefs challenging the § 1927 sanctions award, Nix points out that he filed only six submissions in the district court and thus he says he did not vexatiously multiply the proceedings. He asserts that he pursued discovery diligently and that he did not act in bad faith (in fact, he says he still thinks there is something to Tillman's conspiracy theory). But the district court did not award sanctions on the ground that Nix submitted too many filings, proceeded too slowly, or did not honestly believe the conspiracy theory. Rather, the court explained at some length that Nix pursued an "objectively unreasonable course" by proceeding with this litigation in the face of evidence showing he had no chance to prevail. According to the court, not only did Nix take inadequate steps to investigate the supposed inconsistencies underlying his conspiracy theory, but he made no effort to identify any particular expression in *John Q.* that is substantially similar to copyright-protected expression in Tillman's script. Even if reasonable minds could disagree over the propriety of those findings (and we don't think they could), to prevail now under the deferential abuse of discretion standard of review we must employ, Nix would have to show the sanctions order is irrational, arbitrary, or based on either a clearly erroneous factual conclusion or an error of law. *See Musser v. Gentiva Health Servs.*, 356 F.3d 751, 755 (7th Cir. 2004); *see also United States v. Calabrese*, 572 F.3d 362, 369 (7th Cir. 2009) (finding no abuse of discretion where reasonable minds could disagree). Nix simply has not met that high standard here.

Nor has Nix shown that the sanctions amount is too high--a contention he pressed in this appeal only at oral argument. Sanctions under § 1927 are meant to compensate the party that has been injured by a lawyer's bad-faith conduct and to compel the lawyer to bear the costs of his own lack of care. *Shales v. Gen. Chauffeurs, Sales Drivers & Helpers Local Union No. 330*, 557 F.3d 746, 749 (7th Cir. 2009); *Ordower v. Feldman*, 826 F.2d 1569, 1574 (7th Cir. 1987). Here, the defendants represented to the district court that they spent $298,992.95 defending against the claims filed by Nix. The district court declined to award that amount, in part because Nix withdrew from the case at the summary judgment stage when

the defendants presented new evidence of John Q's independent prior creation. Finding that Nix's withdrawal partly mitigated his prior bad faith, the district court reduced the amount by 80 percent, ordering Nix to pay the defendants $60,000 under § 1927. Nix simply has not demonstrated that the district court abused its discretion by not whittling down those fees even further. *See Assessment Tech. of WI, LLC v. Wiredata, Inc.*, 361 F.3d 434, 438 (7th Cir. 2004) (noting that fee determinations are firmly committed to the discretion of the district court).

The judgment awarding attorney's fees, costs, and sanctions is **AFFIRMED**.