NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 26, 2016
Decided March 21, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

No. 15-2184

| | |
|---|---|
| VEERASIKKU BOMMIASAMY and V. BOMMIASAMY, M.D., S.C., | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *Plaintiffs-Appellants,* | |
| *v.* | No. 12 C 7314 |
| RAKESH PARIKH, | Rebecca R. Pallmeyer |
| *Defendant-Appellee.* | *Judge.* |

## O R D E R

This appeal concerns a district court's decision to deny sanctions under 28 U.S.C. § 1927, the statute that authorizes fees to be imposed on lawyers who "unreasonably and vexatiously" multiply proceedings. The underlying dispute arises out of the efforts of Dr. Veerasikku Bommiasamy (and his medical practice V. Bommiasamy, M.D., S.C.) to enforce a promissory note and stock sale allegedly executed by Dr. Rakesh Parikh. More than a year after Bommiasamy filed suit, the district court discovered a jurisdictional problem: Parikh had permanently relocated from Indiana to Illinois, the state of Bommiasamy's citizenship, before the suit was filed, and thus diversity of citizenship was lacking. The district court accordingly dismissed the action for lack of subject-matter jurisdiction. At that point Bommiasamy sought sanctions based on the failure of Parikh's

counsel to notify the court promptly of his client's non-diverse citizenship. The court concluded that defense counsel's oversight was disappointing, but not sanctionable. We conclude that it did not abuse its discretion in so ruling.

A look at the lawsuit between the parties provides useful context for the district court's decision. In 2004, Bommiasamy, along with two other men, agreed to sell the stock of a medical laboratory corporation (since dissolved) they owned, HealthCare Labs, Inc., to Parikh in exchange for a yearly percentage of the company's collections over the next three years, a lump sum, and debt payment. Four days after signing the stock-purchase agreement, Parikh executed and delivered the promissory note, in which he promised to pay Bommiasamy $180,000 in sixty monthly installments of $3,000. Parikh never paid, Bommiasamy says, and from 2005 to 2011 the parties pursued the breach-of-contract action in state court.

In 2011 Bommisasamy's lawyer moved to withdraw on the grounds that his relationship with Bommiasamy had broken down and Bommiasamy had retained other counsel, William Kohn. (Kohn continues to represent Bommiasamy in this appeal.) Because the trial date was looming, the court denied the motion. Counsel soon had the case voluntarily dismissed, over Kohn's objection; Kohn purported to be participating as Bommiasamy's "non-record counsel." Bommiasamy then retained Kohn as counsel and sought unsuccessfully to vacate the voluntary dismissal. When that request was denied, Bommiasamy appealed.

Bommiasamy meanwhile filed this suit in federal court, reasserting his breach-of-contract claims and invoking diversity jurisdiction, see 28 U.S.C. § 1332. He asserted that the amount in controversy exceeded $75,000, that he and his corporation were Illinois citizens, and that Parikh "is upon information and belief a citizen and resident of Ft. Wayne, Indiana." Parikh moved to dismiss the case as barred by *res judicata*; he took the position that the prior state-court litigation had resolved the matter. The district court denied the motion as premature and ordered Parikh to answer the complaint. In answering the complaint, Parikh admitted the jurisdictional allegation.

Three weeks later, Parikh moved to dismiss the complaint for lack of subject-matter jurisdiction, asserting for the first time that he was in fact a citizen of Illinois, not Indiana as alleged in the complaint. Parikh attached to his motion to dismiss an affidavit swearing that in August 2007 he had moved with his family from Illinois to Indiana, where he practiced medicine until October 2010. For most of the next two years, he practiced medicine in Texas but frequently returned to Indiana, where his family

remained while his son finished high school. But in June 2012 his family moved back to their home in Illinois, where he was domiciled when Bommiasamy filed this suit three months later.

Bommiasamy ultimately conceded that he could not establish diversity jurisdiction and moved under 28 U.S.C. § 1927 for sanctions based on Parikh's "unreasonabl[e] fail[ure] to timely raise his diversity jurisdiction defense." He peppered his motion with charges of both "gamesmanship"—arguing that Parikh's attorneys previously knew about Parikh's Illinois citizenship but intentionally delayed disclosing it—and deception, in that Parikh answered the complaint "in a way that appeared calculated to fudge the jurisdictional issue." And even if Parikh's counsel did not know about Parikh's move, Bommiasamy continued, sanctions were warranted because it was "not … objectively reasonable" for counsel to fail to ascertain Parikh's citizenship before "initiating a year's worth of non-meritorious, non-jurisdictional motion practice."

Parikh's attorneys opposed the § 1927 motion. They denied that they were aware that Parikh had returned to Illinois, let alone that they had any incentive to prolong vexatiously and unreasonably any proceedings for which jurisdiction was lacking. They maintained that they discussed the jurisdictional allegations with Parikh upon receiving the complaint and speculated that Parikh may not have understood the legal consequences of his move—"likely the result of language barriers." One of Parikh's attorneys swore that he first noticed the issue when reviewing the draft answer and that he instructed Parikh's other attorney not to admit diversity jurisdiction and to keep investigating. Parikh's other attorney swore that he changed the answer so that Indiana citizenship was not admitted, but that he inadvertently left unchanged the admission of diversity jurisdiction. At no time did they act unreasonably or in bad faith, both lawyers insisted, and even if their conduct "at worst" was negligent, negligence is not a proper basis on which to award sanctions under § 1927.

The district court denied the motion for sanctions. It expressed disappointment with counsel's failure to discover Parikh's citizenship sooner, but concluded that counsel did not act unreasonably or seriously disregard the judicial process:

> Defense counsel's failure to ascertain these details earlier is disappointing
> for obvious reasons. This court devoted substantial attention to a confusing
> record to resolve the *res judicata* dispute—a matter of state law.
> …

An award of sanctions under 28 U.S.C. § 1927 is "proper if the attorney 'has acted in an objectively unreasonable manner by engaging in a serious and studied disregard for the orderly process of justice[,] or where a claim is without a plausible legal or factual basis and lacking in justification.'" *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 708 (7th Cir. 2014) (quoting *Walter v. Florenzo*, 840 F.2d 427, 433 (7th Cir. 1988)) (alterations removed). The court sees no "serious and studied disregard" in this record. Dr. Parikh's attorneys represented him for years in the state court litigation; it is undisputed that he was domiciled in Indiana at that time. In this era of electronic communication, it is not surprising that counsel's attention was not drawn to Dr. Parikh's return to Illinois. Plaintiff's counsel suspects his opponents of knowing all along that Dr. Parikh had moved back to Illinois in June 2012, but there is no evidence that establishes this, nor any obvious incentive for counsel to conceal an argument for dismissal of the complaint.

… While the court's time could have been better spent on cases properly before it, it appears that the parties themselves would have engaged in motion practice on this issue regardless where the complaint was filed. In short, defense counsel's failure to blow the whistle on this litigation earlier may well not be genuinely costly to Plaintiff.

On appeal Bommiasamy argues that the district court made a legal error in this ruling by using the wrong standard to evaluate his claim. He contends that it applied a more stringent "serious and studied disregard" standard, rather than one based on "recklessness or extreme negligence" or "pursuing a path that a reasonably careful attorney would avoid."

We reject this argument. The district court may not have used the exact words Bommiasamy would prefer, but it correctly looked for objectively unreasonable actions and bad faith. See *Micrometl Corp. v. Tranzact Techs., Inc.*, 656 F.3d 467, 472 (7th Cir. 2011); *Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006); *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 614 (7th Cir. 2006); see also *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 178 (2d Cir. 2012); *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010).

Bommiasamy argues in the alternative that the court unreasonably evaluated the facts. It downplayed Parikh's counsel's year-long delay after the complaint's filing to

confirm the court's subject-matter jurisdiction, he complains. But the district court was well aware of both the duration of the delay and defense counsel's explanation, and it found nothing "objectively unreasonable" in counsel's conduct. As the court explained, counsel had represented Parikh "for years" in state-court litigation while he was domiciled in Indiana, and no evidence established that counsel knew that Parikh had moved back to Illinois or that counsel had any incentive to conceal such knowledge. We note as well that § 1927 is a permissive statute, and so the district court was not required to impose sanctions even if it had found evidence of objective or subjective bad faith. See *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1014 (7th Cir. 2004).

Accordingly, we AFFIRM the denial of sanctions.